IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHANA LEANN MAY                                                                                    PLAINTIFF

v.                                           CIVIL NO. 20-cv-05026

ANDREW SAUL, Commissioner                                                           DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Shana Leann May, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her applications for DIB and SSI on February 22, 2017. (Tr. 13). In her applications, Plaintiff alleged disability beginning on September 26, 2016, due to: memory deficits; rheumatoid arthritis and osteoarthritis; screws in her right ankle; fibromyalgia; depression; anxiety; hypertension; right shoulder pain and weakness; chronic pain; and low and mid back pain. (Tr. 13, 249). An administrative hearing was held on September 13, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 38-74). A vocational expert ("VE") also testified. (*Id.*).

On January 2, 2019, the ALJ issued an unfavorable decision. (Tr. 10-26). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of

impairments that were severe: residual injuries received in a motor vehicle accident—compound fracture of the right ankle status post open reduction internal fixation (ORIF) surgery with hardware, chronic lower back pain syndrome, general arthralgia (right shoulder and low back), anxiety, and depression. (Tr. 15-16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 16-18). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is limited to jobs that involve simple tasks, simple instructions, and only incidental contact with the public. For the purposes here, simple is defined as 1, 2, and 3 steps.
>  (Tr. 18-24).

The ALJ found Plaintiff would be unable to perform any of her past relevant work. (Tr. 24). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of power screw driver, can filling and closing machine tender, or compression molding machine tender. (Tr. 24-25). The ALJ found Plaintiff was not disabled from September 26, 2016, through the date of his decision. (Tr. 25).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings three points on appeal: 1) Whether the ALJ erred by failing to fully and fairly develop the record, specifically by failing to procure a rheumatological consultation; 2) Whether the ALJ erred in his analysis of Plaintiff's subjective complaints of pain; and 3) Whether the ALJ erred in finding Plaintiff retained the RFC to perform a limited range of light work. (Doc. 12). The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice*.  See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 19th day of November 2020.

/s/    *Erin L. Wiedemann*
  HON. ERIN L. WIEDEMANN
  UNITED STATES MAGISTRATE JUDGE